# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **MICHAEL W.,**<br><br>Plaintiff,<br><br>v.<br><br>**FRANK BISIGNANO,[1]**<br>**Commissioner of Social Security,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:24-cv-00712-JCB**<br><br><br>**Magistrate Judge Jared C. Bennett** |

## PROCEDURAL BACKGROUND[2]

Plaintiff Michael W. ("Plaintiff") alleges disability due to various physical and mental impairments. Plaintiff applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act[3] in October 2020.[4] Plaintiff's applications were denied initially[5] and upon reconsideration.[6] On April 25, 2022, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ").[7] The ALJ issued a written decision on May 13, 2022,

---

[1] Frank Bisignano is now the Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), he has been substituted as the Defendant in this case. ECF No. 19.

[2] Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment. ECF No. 5.

[3] 42 U.S.C. §§ 401-434.

[4] ECF No. 9, Administrative Record ("AR ___") 200-04.

[5] AR 64-76.

[6] AR 77-92.

[7] AR 29-63.

denying Plaintiff's claim for DIB.[8] Plaintiff appealed the adverse ruling, and, on October 26, 2022, the Appeals Council denied his appeal,[9] making the ALJ's decision final for purposes of judicial review.[10]

Plaintiff filed a complaint in this court on December 28, 2022, seeking review of Commissioner of Social Security Frank Bisignano's ("Commissioner") final decision.[11] On July 31, 2023, the Commissioner filed an unopposed motion to remand under sentence four of 42 U.S.C. § 405(g).[12] That same day, the court granted the motion, reversed the Commissioner's decision, remanded this case to the Commissioner, and entered judgment.[13] On remand, the Appeals Council sent the case to the ALJ for further administrative proceedings.[14]

Plaintiff appeared with counsel for a second hearing before the ALJ on June 27, 2024.[15] The ALJ issued a written decision on July 22, 2024, again denying Plaintiff's claim for DIB.[16] Plaintiff did not file written exceptions to the ALJ's decision with the Appeals Council,[17] and the Appeals Council did not assume jurisdiction over the case.[18] Consequently, the ALJ's decision

---

[8] AR 15-37.
[9] AR 1-7.
[10] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.
[11] AR 913-22.
[12] AR 926-28.
[13] AR 923-25.
[14] AR 929-34.
[15] AR 842-88.
[16] AR 805-41.
[17] 20 C.F.R. § 404.984(b).
[18] *Id*. § 404.984(c).

became final for purposes of judicial review.[19] Plaintiff filed the instant case on September 26, 2024, seeking review of the Commissioner's final decision.[20]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[21] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[22] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[23] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[24] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[25]

---

[19] *Id*. § 404.984(d).

[20] ECF No. 1.

[21] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[22] 42 U.S.C. § 405(g).

[23] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[24] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[25] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[26] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[27]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[28]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[29] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[30] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[31] An individual's RFC is his greatest ability to do physical and mental work activities on a regular and

---

[26] 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[27] 20 C.F.R. § 404.1520(a)(4); *see also Williams*, 844 F.2d at 750.

[28] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

[29] 20 C.F.R. § 404.1525(a); *see also* 20 C.F.R. § 404.1520(a)(4)(iii).

[30] *Williams*, 844 F.2d at 751.

[31] 20 C.F.R. § 404.1520(a)(4), (e).

continuing basis despite limitations from his impairments.[32] In making this determination, the ALJ must consider all the claimant's impairments, including impairments that are not severe.[33]

For the fourth step, the claimant must show, given his RFC, that his impairments prevent performance of his "past relevant work."[34] "If the claimant is able to perform his previous work, he is not disabled."[35] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[36]

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[37] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience."[38] If it is determined that the claimant "can make an adjustment to other work," he is not disabled.[39] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[40]

## ANALYSIS

Plaintiff argues that the ALJ erred in two ways. First, Plaintiff asserts that the ALJ failed to comply with the relevant regulation when evaluating the medical opinions of Francis

---

[32] *Id*. § 404.1545(a)(1), (b)-(c).

[33] *Id*. § 404.1545(a)(2).

[34] *Id*. § 404.1520(a)(4)(iv).

[35] *Williams*, 844 F.2d at 751.

[36] *Id*.

[37] *Id*.

[38] *Id*. (quotations and citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

[39] 20 C.F.R. § 404.1520(a)(4)(v).

[40] *Id*.

Yamamoto, M.D. ("Dr Yamamoto"), Victoria Judd, M.D. ("Dr. Judd"), and Heather Sojourner, M.D. ("Dr. Sojourner"). Second, Plaintiff contends the ALJ's RFC failed to account for Plaintiff's moderate limitation in the areas of concentrating, persisting, or maintaining pace. As shown below, Plaintiff's arguments fail. Therefore, the court affirms the Commissioner's decision.

### I. The ALJ Complied with the Relevant Regulation When Evaluating the Medical Opinions of Dr. Yamamoto, Dr. Judd, and Dr. Sojourner.

The ALJ complied with the relevant regulation when evaluating the medical opinions Plaintiff challenges. Under that regulation, an ALJ is required to consider certain factors when evaluating medical opinions and prior administrative medical findings ("PAMFs").[41] Those factors are: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors.[42] The most important factors for an ALJ to consider are supportability and consistency.[43] An ALJ is required to articulate only the consideration of the factors of supportability and consistency.[44] An ALJ may, but is not required to, articulate the consideration of the remaining factors.[45]

First, the court considers the ALJ's evaluation of the PAMFs from Dr. Yamamoto and Dr. Judd, which the ALJ determined were partly persuasive.[46] In support of that determination, the

---

[41] 20 C.F.R. § 404.1520c(a).

[42] *Id*. § 404.1520c(c)(1)-(5).

[43] *Id*. § 404.1520c(b)(2).

[44] *Id*.

[45] *Id*.

[46] AR 824-25.

ALJ noted that Dr. Yamamoto and Dr. Judd reviewed the record evidence and that both doctors supported their assessments with detailed explanations and references to laboratory findings, clinical signs, treatment notes, and consultative findings and observations.[47] The ALJ considered the fact that their opinions regarding Plaintiff's ability to lift and carry at the light exertional level were consistent with multiple examinations.[48] Citing to extensive record evidence showing that Plaintiff had a normal and intact gait without an assistive device, the ALJ determined that Dr. Judd's opined limitations regarding standing and walking overstated Plaintiff's limitations.[49] Based on the same evidence, the ALJ found slightly more persuasive Dr. Yamamoto's opinions about Plaintiff's standing and walking limitations because they were consistent with the record evidence.[50] That analysis was sufficient to satisfy the ALJ's obligations under the relevant regulation to consider supportability and consistency with respect to Dr. Yamamoto's and Dr. Judd's PAMFs.

Second, the court addresses the ALJ's evaluation of Dr. Sojourner's opinions. After summarizing Dr. Sojourner's opined limitations, the ALJ determined that those opinions were partially persuasive.[51] To support that determination, the ALJ cited to Dr. Sojourner's examination of Plaintiff, during which Plaintiff demonstrated full muscle strength and generally unremarkable range of motion.[52] The ALJ found that those results were inconsistent with Dr.

---

[47] AR 824.

[48] *Id*.

[49] *Id*.

[50] AR at 824-25.

[51] AR 827.

[52] *Id*.

Sojourner's opinion about Plaintiff's ability to lift and carry.[53] The ALJ further found that the record evidence—including the results of Dr. Sojourner's own examination of Plaintiff—showed fewer restrictions than Dr. Sojourner's opinions about Plaintiff's limitations.[54] Finally, the ALJ found that Dr. Sojourner's opinions were supported by only her one-time examination of Plaintiff.[55] Plaintiff's argument about the emphasis that the ALJ gave to Dr. Sojourner's examination is textual proof that Plaintiff is really asking this court to reweigh the evidence, which it cannot do.[56] Thus, the ALJ considered both factors of supportability and consistency when evaluating Dr. Sojourner's opinions, which is all that the relevant regulation requires.

II.   **The ALJ's RFC Assessment Accounted for Plaintiff's Moderate Limitations in Concentrating, Persisting, or Maintaining Pace.**

At step three of the sequential evaluation process, the ALJ concluded that Plaintiff's impairments did not meet or equal sections 12.02, 12.04, 12.06, 12.15 of Appendix 1 of the relevant regulations (collectively, "listings").[57] Listings 12.02, 12.04, 12.06, and 12.15 each contain a Paragraph B with identical criteria.[58] Paragraph B requires an ALJ to consider, among

---

[53] *Id.*

[54] *Id.*

[55] *Id.*

[56] At this point and other points in his argument concerning the challenged medical opinions, Plaintiff argues the weight of the evidence, which is an unavailing tactic on appeal. The court does not reweigh the evidence that was before the ALJ. *Madrid*, 447 F.3d at 790. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)). Accordingly, the court rejects Plaintiff's invitation to reweigh the evidence.

[57] 20 C.F.R. § 404, Subpart P, Appendix 1, listings 12.02, 12.04, 12.06, 12.15.

[58] 20 C.F.R. § 404, Subpart P, Appendix 1, listings 12.02(B), 12.04(B), 12.06(B), 12.15(B).

other things, a claimant's ability to concentrate, persist, or maintain pace.[59] Here, the ALJ determined that Plaintiff had a moderate limitation in that area.[60] Plaintiff argues that the ALJ did not account for that limitation in the RFC assessment.

        The ALJ's RFC assessment limited Plaintiff to "simple work" "due to mental limits."[61] The United States Court of Appeals for the Tenth Circuit has held that an ALJ can account for a moderate limitation in concentrating, persisting, or maintaining pace by limiting a claimant to particular types of work, such as simple or unskilled work.[62] Thus, by including the limitation to simple work, the ALJ adequately accounted for Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace. Therefore, Plaintiff's argument fails.[63]

---

[59] 20 C.F.R. § 404, Subpart P, Appendix 1, listings 12.02(B)(3), 12.04(B)(3), 12.06(B)(3), 12.15(B)(3).

[60] AR 815.

[61] AR 816.

[62] *Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016) (stating that an ALJ "can account for moderate limitations by limiting the claimant to particular kinds of work activity"); *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015) ("[T]he ALJ accounted for [the plaintiff]'s moderate concentration, persistence, and pace problems in his RFC assessment by limiting him to unskilled work.").

[63] Plaintiff argues that the Tenth Circuit's decision in *Jaramillo v. Colvin* dictates a different result. 576 F. App'x 870 (10th Cir. 2014). In *Jaramillo*, the Tenth Circuit concluded that the ALJ's reliance on the jobs the vocational expert identified in response to the ALJ's hypothetical "was not supported by substantial evidence" because the hypothetical did not include the moderate impairments found in the administrative record nor were limitations in the RFC tied to those moderate impairments. *Id*. at 876. Plaintiff provides no argument as to which moderate limitations the ALJ purportedly omitted from any hypothetical to the vocational expert in this action or why the limitations that were imposed fail to address the moderate limitations in the record. Thus, Plaintiff's reliance on *Jaramillo* is of no moment here.

## ORDER

For the reasons stated above, the court HEREBY ORDERS that the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 30th day of September 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge